IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTENT IQ, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GROWTHCODE, LLC.<br><br>　　　　　　Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST GROWTHCODE, LLC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Intent IQ, LLC ("Intent IQ") makes the following allegations against Defendant GrowthCode, LLC ("Defendant" or "GrowthCode"):

**INTRODUCTION AND PARTIES**

1.　This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Plaintiff, which generally relates to novel internet / network based advertising systems and methods: United States Patent Nos. 8,677,398 (the "'398 patent"). Plaintiff owns all right, title, and interest in the '398 patent to file this case.

2.　Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101.

3.　Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. IIQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a

1

user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

4.      GrowthCode, LLC is a corporation organized under the laws of the state of Delaware, with its place of business at 47 East 88th Street, 8B New York, New York 10128. GrowthCode, LLC may be served via its Delaware registered agent Spiegel & Utrera, P.A. at 9 East Loockerman St. Ste. 202, Dover, Delaware 19901.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware, have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the '398 patent.

7.      Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

8.      Plaintiff realleges and incorporate by reference the foregoing paragraphs as if fully set forth herein.

9. Intent IQ owns all rights, title, and interest in U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014 ("the '398 patent"). A true and correct copy of the '398 patent is attached as Exhibit 1.

10. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (GrowthCode's computer systems that implement and provide the GrowthCode Addressability Management Platform, including but not limited to components such as GrowthCode GRAPH, GrowthCode ENRICH, GrowthCode RTD module, and Sync Engine) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

11. The infringement of the '398 patent is additionally attributable to Defendant because Defendant directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '398 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

12. Defendant's infringement has been and is willful. Through at least the filing and service of this Complaint, Defendant has had knowledge of, or was willfully blind to, the '398 patent and that the Accused Instrumentalities infringed. Despite Defendant's knowledge of or willful blindness to the '398 patent at least as a result of the filing and service of this Complaint, Defendant continued and still continues to infringe the '398 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '398 patent. Accordingly, Defendant is liable for willful infringement.

13. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '398 patent. A claim chart comparing independent method claim 1 of the '398 patent

3

to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

15. As a result of Defendant's infringement of the '398 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

16. Plaintiff is entitled to past damages for Defendant's infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '398 patent.

17. Plaintiff has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. For example, Intent IQ has and will continue to suffer this harm by virtue of Defendant's infringement of one or more method claims of the '398 patent. Intent IQ's bid enhancement product allows for targeted advertising on a different site than where the profile data was collected, i.e., by providing third party IDs in bid requests. Intent IQ's graph product associates devices on a household level, personal level, and device level. GrowthCode's identity resolution products, such as, e.g., GrowthCode Addressability Management Platform, directly compete with Intent IQ's bid enhancement and graph products. For example, based on household level device identifier associations GrowthCode's Accused Instrumentalities (e.g., GrowthCode ENRICH, GrowthCode RTD module and Sync Engine) pass an identifier for a particular visitor to a GrowthCode header

4

bidding partner or SSP so that ad exchanges and/or DSPs can more confidently bid on targeted advertisements using profile data collected about a website visitor from that visitor's visit to a different site. See Ex. 2. Intent IQ's ability to compete in the marketplace by offering bid enhancement and device graph services is harmed by Defendant's actions. For example, Defendant's actions have interfered with and will interfere with Plaintiff's ability to license its technology to potential customers. The balance of hardships favors Intent IQ's ability to commercialize its own ideas and technology. The public interest in allowing Intent IQ to enforce its right to exclude outweighs other public interests. A permanent injunction would not result in depriving the public of the patented invention because consumer need for the patented invention can be met by at least Intent IQ's product offerings as well as at least one other advertising platform who has taken a license to the '398 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '398 patent, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiff finding post-suit willful infringement as to the '398 patent;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the '398 patent;

d. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '398 patent;

e. A judgment and order requiring Defendant to provide an accounting and to pay

        supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

g.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: July 11, 2025

Of Counsel:

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

6

jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

7